IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM GOLDMAN, Executor of the
Estate of Rita Ballard Lowe, Deceased,

**Plaintiff,**

**v.**

GRABER POST BUILDINGS, INC., a
Corporation, and JOSPEH WAGLER,
d/b/a WAGLER METALS,

**Defendants.**                                                No. 07-CV-041-DRH

### ORDER

**HERNDON, District Judge:**

Now before the Court is Defendant Joseph Wagler d/b/a Wagler Metals' ("Wagler") motion to transfer venue pursuant to **28 U.S.C. § 1404(a)**. (Doc. 17.) On January 31, 2007, Plaintiff William Goldman filed this diversity action alleging that Defendants negligently failed to properly restrain a horse, failed to keep the horse under their control, and allowed the horse to run free onto the highway; after running onto the highway, the horse struck the motor vehicle that Plaintiff's decedent was riding in and killed her. (Doc. 2.) Defendant Wagler now moves the Court for an intra-district transfer from the East St. Louis Division to the Benton Division pursuant to **28 U.S.C. § 1404(a)** claiming that the Benton Division is a more convenient forum than the East St. Louis Division. (Doc. 17.)

While **28 U.S.C. § 1404(b)** allows for transfer of a case to another

1

"division" within the same district, this section does not apply to the Southern District of Illinois since East St. Louis and Benton do not constitute separate "divisions" as contrasted with the discrete divisions of the Northern District of Illinois. *See* **28 U.S.C. § 93 (creating separate "divisions" for the Northern District of Illinois but not for the Central or Southern Districts of Illinois)**. Assuming *arguendo* that the standards for **sections 1404(a)** and **1404(b)** apply to an intra-district transfer in the Southern District of Illinois, a movant would only be able to meet its burden in the most extreme of circumstances since only 97 miles of interstate separate East St. Louis and Benton. Hypotheticals aside, the Southern District of Illinois' policy of balancing its cases equally among its Judges strongly disfavors transferring a case from one to another of its Judges. In this case, Defendant Wagler has presented no compelling reason under either standard to persuade this Court to hold this trial in Benton rather than East St. Louis. Therefore, the Court **DENIES** Defendant Wagler's request to move the trial to Benton.

    **IT IS SO ORDERED.**

    Signed this 10th day of May, 2007.

    /s/    David RHerndon
**United States District Judge**