IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM GOLDMAN, Executor of the**
**Estate of Rita Ballard Lowe, Deceased,**

**Plaintiff,**

**v.**

**GRABER POST BUILDINGS, INC. and**
**JOSEPH WAGLER, d/b/a WAGLER METALS,**

**Defendants.**                                                            **No. 07-CV-41-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

On January 18, 2007, Plaintiff William Goldman, executor of the estate of Rita Ballard Lowe, filed a Complaint (Doc. 2) with this Court. Count II of the Complaint alleged that on July 21, 2006 Defendant Joseph Wagler, d/b/a Wagler Metals ("Wagler"), acting through its agent, Emery Stutzman, had control of a horse normally used in furtherance of Wagler's business and that Wagler, through Stutzman, negligently allowed the horse to run into the highway where the horse hit an automobile causing the death of Plaintiff's decedent who was a passenger in the automobile. (Doc. 2.) Count I of the Complaint makes the same allegations against Defendant Graber Post Buildings, Inc. (*Id*.) On March 16, 2007, Defendant Wagler filed a motion for summary judgment on Count II of Plaintiff's complaint. (Doc. 15.) Plaintiff responded in opposition and requested that the Court either deny the motion

outright or permit Plaintiff to conduct additional discovery pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56(f)** in order to be able to properly respond to Wagler's motion. (Doc. 21.)  Plaintiff supported this request with an affidavit submitted by Plaintiff's attorney, Jon E. Rosenstengel. (Doc. 21, Ex. 2.)  Wagler filed a reply arguing that Plaintiff's request amounted to nothing more than a "fishing expedition" and that Plaintiff had failed to justify the need for additional time under Rule 56(f). (Doc. 22.)  Plaintiff then filed a supplemental affidavit of Rosenstengel and attached three documents which Plaintiff asserted raised questions of fact concerning whether an agency relationship existed. (Doc. 25.)  Finally, Wagler filed a response to the supplemental affidavit arguing that one of documents was nothing more than hearsay regarding the business relationship between Wagler and Stutzman and that none of the documents addressed the ownership of the horse. (Doc. 27.)  Having carefully considered each of the arguments, the Court **GRANTS** Defendant Wagler's motion for summary judgment. (Doc. 15.)

## II. Summary Judgment Standard

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**).  The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law.  *Santaella v. Metro.*

*Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex*, **477 U.S. at 323**). In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *Celex Group, Inc. v. Executive Gallery, Inc.*, **877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998)** (citing *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings. Rather, she must show through specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. *Walker v. Shansky*, **28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd*, **51 F.3d 276** (citing *Celotex*, **477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson*, **477 U.S. at 249-50** (citations omitted); *accord* *Starzenski v. City of Elkhart*, **87 F.3d 872, 880 (7th Cir. 1996)**; *Tolle v. Carroll Touch, Inc.*, **23 F.3d 174, 178 (7th Cir. 1994)**. However, when all the Court has before it are the diametrically opposed statements of the parties on the critical and ultimate issues of fact, the Court, not in a position to make credibility findings, must pass the case to the next phase of

litigation.

### III. <u>Analysis</u>

Plaintiff alleges that Wagler, acting through its Agent Emery Stutzman, negligently allowed a horse that was used in the course of its business to run into a highway, resulting in an accident which killed Plaintiff's decedent. Wagler argues that 1) Wagler does not and did not employ Emery Stutzman at the time of the accident and, therefore, Wagler cannot be held liable for the acts of someone who was neither his employee or his agent;  and 2) Wagler has never had any ownership interest in the horse and the horse was used by Stutzman solely for personal purposes.

"When an action is brought against a master based on allegedly negligent acts of the servant and no independent wrong is charged on behalf of the master, liability is entirely derivative, being founded upon the doctrine of respondeat superior." **Moy v. County of Cook, 159 Ill.2d 519, 524, 203 Ill.Dec. 776, 640 N.E.2d 926 (1994)**.  To establish employer liability under the doctrine of *respondeat superior*, the Plaintiff must establish that a principal/agent relationship existed and that the agent committed a tort while acting in the scope of his employment. **Alms v. Baum, 343 Ill.App.3d 67, 71 (1st Dist. 2003).**  "Although the terms 'principal' and 'agent' and 'employer' and 'employee' may have separate connotations for purposes of contract authority, such distinctions are immaterial for tort purposes." **Moy v. County of Cook, 159 Ill.2d 519, 532, 203 Ill.Dec. 776, 640 N.E.2d 926 (1994)**.  In Illinois:

> [t]he test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the prinicpal.  The ability or right to control is a key element to the determination, regardless of whether or not the principal exercises that right to control.  The question of whether a principal-agency relationship existed is generally one of fact, but it becomes one of law where the evidence is not disputed.  Summary judgment may be granted in any case where an issue of fact is raised if, when viewing the evidence in a light most favorable to the plaintiff, the trial court concludes that no liability exists as a matter of law.  The burden of proving the existence of an agency relationship and the scope of authority is on the party seeking to charge the alleged principal.

***Anderson v. Boy Scouts of Am., Inc.*, 226 Ill.App.3d 440, 443-444, 589 N.E.2d 892 (1st Dist. 1992) (citations omitted).**

A principal generally will not be held liable for the negligent acts of its independent contractor. ***Lang v. Silva*, 306 Ill.App.3d, 960, 972, 715 N.E.2d 708 (1st Dist. 1999)**.  A number of factors are considered when determining whether a person is an agent or an independent contractor including: "the right to control the manner in which the work is performed; the right to discharge; the method of payment; whether taxes are deducted from the payment; the level of skill required to perform the work; and the furnishing of the necessary tools, materials, or equipment." *Id.*

Turning to the facts of the present case, it is clear that the Plaintiff has failed to offer even a scintilla of evidence in support of his claim that Stutzman was Wagler's agent.  Plaintiff merely requests more time to conduct discovery into the issue and offers one article that is nothing more than hearsay to support its claim

that Strutzman is Wagler's agent. On the other hand, Defendant offers the affirmations of Joseph Wagler, Emery Stutzman, Lillie Stutzman, all of which support Defendant Wagler's defense that Emery Stutzman was not and has never been the employee or agent of Wagler. Furthermore, those affirmation and the affirmations offered by Joseph Stutzman and Emery Stutzman, Jr. confirm that the horse in question was owned by Emery Stutzman, not Wagler, and was solely for Stutzman's personal use.

Certainly there are cases when pursuant to **Rule 56(f)** additional time is required to conduct salient discovery to support a response to a motion for summary judgment. This is not such a case. Although Defendant Wagler's motion for summary judgment was filed rather early in this case, the Court is frankly concerned that Plaintiff had nothing more to support his claim that Stutzman was an agent of Wagler, even at that point. Certainly additional discovery might produce further support for a claim sufficient to defeat a motion for summary judgment, but in this case Plaintiff has offered *nothing* in support of his claim. Under **FEDERAL RULE OF CIVIL PROCEDURE 11(b)**, counsel is required to make "an inquiry reasonable under the circumstances" prior to filing a complaint. It appears to the Court that Plaintiff's request for additional time amounts to nothing more than an attempt to make a reasonable inquiry after-the-fact. The Court will not allow this. In addition, several months have passed since Wagler filed his motion for summary judgment. The Court assumes that if Plaintiff had turned up anything to support his claim, he

would have supplemented his response by now.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Wagler's motion for summary judgment. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Joseph Wagler, d/b/a Wagler Metals on Count II at the close of the case.

**IT IS SO ORDERED.**

Signed this 15th day of October, 2007.

/s/      DavidRHerndon
**Chief Judge**
**United States District Court**